**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINO CASTRO SILVA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-70443<br><br>Agency No. A205-274-157<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Marcelino Castro Silva, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review factual findings for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his opening brief, Castro Silva does not challenge the conclusion that he failed to establish past persecution. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the conclusion that Castro Silva failed to establish he would be persecuted on account of his proposed family-based social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group").

We lack jurisdiction to consider Castro Silva's contentions regarding an imputed nationality claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

Thus, Castro Silva's asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's denial of CAT relief because Castro Silva failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

19-70443

We reject as unsupported by the record Castro Silva's contentions that the IJ and BIA violated his right to due process.

Finally, Castro Silva's request to remand for termination of proceedings, set forth in his opening brief, is denied. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from a notice to appear can be cured for jurisdictional purposes by later hearing notice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**